ROBERT H. O'CONNOR
147 AVENIDA BARBERIA
SONOMA, CA 95476

## US DISTRICT COURT OF NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT H. O'CONNOR, a  man**<br>*Plaintiff* | ) CASE NO:<br>**CV 14 0211** DMR<br>) |
| vs. | ) **VERIFIED COMPLAINT FOR**<br>) **DAMAGES** |
| **WELLS FARGO, N.A;**<br>*Defendant* | )<br>) **JURY TRIAL DEMANDED**<br>) |

**COMES NOW,** the Plaintiff **ROBERT H. O'CONNOR** complaining of the defendant(s) and each of them as follows;

### INTRODUCTION

1.  This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 USC§1681, Fair Debt Collection Practices Act, 15 USC§1692, Rosenthal Consumer Protection Act, and Defamation of Character respectively.

**I.**                                    **THE PARTIES**

2. Plaintiff "**ROBERT H. O'CONNOR**" is now and at all times relevant to this action an American National.  Plaintiff is a "consumer" as that term is defined within 15 USC§1692a(3).

3.  Defendant "**WELLS FARGO, N.A.**" ("Debt Collector") is a limited liability corporation formed under the laws of the state of **California**.  It has a principle place of business located at **101 PHILIPS AVE., SIOUX FALLS, SD 57104** Defendant **WELLS FARGO, N.A.** are "debt collectors' as that term is defined by 15 USC§1692a(6).

**II.**                    **JURIDICITION AND VENUE**

4. The US District Court of **CALIFORNIA** has jurisdiction pursuant to 15 USC§1692 *et,* al, and 15 USC§1681p *et,* al, and the court has jurisdiction over Plaintiffs tort state claims. Venue is proper as the Plaintiff currently resides in **CALIFORNIA.** Therefore venue is proper in the US District Court of **CALIFORNIA.**

**III.**                    **FACTUAL ALLEGATIONS**

5. Plaintiff brings this action regarding defendants and each of them continued to attempt to collect an alleged debt defendants claim is owed to them. However Plaintiff is without knowledge of the alleged debt defendants purport to claim is owed.

6. On or about **July 16 , 2013,** Plaintiff received a dunning notice (request for payment) from defendant "**WELLS FARGO, N.A.**" (*see,* attached "Exhibit A"). The dunning notice makes numerous claims by the defendant(s) to Plaintiff regarding an alleged loan, mortgage, and or Deed of Trust. Consequently, Plaintiff is without an specific knowledge and evidence that support defendant's claims and allegations.

7. On or about **July 24, 2013,** Plaintiff served upon them Notice of Validation of Debt pursuant to 15 USC§1692, FDCPA. (*see,* attached "Exhibit B") The notice required the defendant "debt collector" to validate/verify their alleged debt pursuant to 15 USC§1692g

8. On or around July 29, 2013, the plaintiff received a response (*see,* attached "Exhibit D") referencing a previous letter (*see,* attached "Exhibit D")    from the defendant

9. On **November 22, 2013**, Plaintiff obtained a copy of his consumer credit report from the three (3) major reporting credit bureaus Equifax, Experian, and Transunion. Plaintiff discovered defendant **WELLS FARGO, N.A.** is reporting this alleged debt to all three credit reporting agencies. Plaintiff on or around **November 22, 2013**, immediately filed a dispute with the credit agencies pursuant to 15 USC§1681, the FRCA. At the time of this filing erroneous information remains on my report.

10. Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting by each of the defendant(s).

11. The above-detailed conduct by each of the Defendants has more to do with their deceptive and illegal acts in their attempt to collect an alleged debt, as opposed to any determined legitimacy of their alleged debt. The FDCPA, FCRA, and **CALIFORNIA** Consumer Protection Laws relates to the defendants even if they were collecting a legitimate debt. Plaintiffs asserts for the record Plaintiff asserts neither defendants are creditors. Neither did either defendant provide any credit to Plaintiff. Notwithstanding each of the defendants are "debt collectors pursuant to 15 USC§1692a(6). Plaintiffs allege the FDCPA state in part;

The term "debt collector" means any person who uses any instrumentality of Interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or du or asserted to be owed or du another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.**

For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.

12. Plaintiff therefore seeks damages as result of defendant's acts.

IV.                    **FIRST CAUSE OF ACTION**

**VIOLATION OF  15 U.S.C.§1681i FAIR CREDIT REPORTING ACT**
(DEFENDANT)

13. Paragraph 1 – 13 are re-alleged as though fully set out herein.

14. Plaintiff is "consumer" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

15. Defendant is a "DEBT COLLECTOR" are credit furnishers" within the mean of the 15 U.S.C.§1681a(c). 15 U.S.C.§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers.  As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate.  The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his/her credit information history, FCRA, 15USC§1681s-2(a)(1)-(3). Plaintiff consumer credit report is a consumer report within the mean of 15 U.S. C.§1681a(d).

16. The FCRA, 15 U.S.C 1681s-2(b) has obligations regarding credit furnishers to investigate consumers disputes.  Subsection 1681s-2(b) specifies a second set of obligations on a furnisher.   These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute' from the consumer pursuant to 15 U.S.C.§1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under 15 U.S.C.§1681i of the FCRA to forward a consumer dispute verification (CDV) form

to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

> (1) to conduct "an investigation" with respect to the disputed Information;
>
> (2) to "review all relevant information" provided by the Credit reporting agency;
> (3) to "report the results of its investigation" back to the credit reporting agency;
> (4) if the investigation finds the existing information is incomplete or inaccurate, to report back to those results to each of the consumer reporting agencies to who the furnisher originally communicated information about the consumer; and
> (5) to "modify,....delete....or permanently block" the Reporting of any item of information found to be Inaccurate after a reinvestigation.  15 U.S.C.§1681s-2(b)(1)

17. In 15 U.S.C.§1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA.  Notice of a dispute to a furnisher by a consumer directly does not trigger a furnisher's duty to reinvestigate under 15 U.S.C.§1681s-2(b).  The consumer must dispute to a CRA, which, in turn, forwards the dispute furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation *under the FCRA* to the furnisher.  A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA Such a dispute, it should be noted, likely does create a legal obligation under 15 USC§1692g of the FDCPA which Plaintiff served upon defendant "**WELLS FARGO, N.A.**".

18. Plaintiff notified Defendant DEBT COLLECTOR of its dispute by fax , and defendant DEBT COLLECTOR  also received notice from the three major credit

reporting agencies Equifax, Experian, and Transunion.   Defendant "**WELLS FARGO, N.A.**" failed to delete information found to be inaccurate and erroneous, and/or failed to property investigate the Plaintiff's disputes.

19.  Plaintiff alleges that at all relevant times Defendant DEBT COLLECTOR failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C.§1681 e(b).  Plaintiff alleges that Defendant "PDF" failed to conduct a proper and lawful reinvestigation.

20.      All action taken by the Defendant "DEBT COLLECTOR",  were done in malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or their actions were taken in violation of the FCRA and state law and/or they knew or should have known that their action were in reckless disregard of the FCRA and state law.   Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

21.      All of the  violations of the FCRA proximately caused the injuries and the damages to Plaintiffs as set forth in this Complaint.   The FCRA requires the following of the Defendant Equifax;

   (1) Prompt Notice of Dispute to Furnisher of Information

         (A) *In general.* Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1) the agency shall provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller.

         (B) *Provision of other information.*  The consumer reporting agency Shall promptly provide to the person who provided the information in dispute

That is received by the agency from consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A)

(2)   *Consideration of consumer information.* In conducting any reinvestigation under paragraph (1)(A) with respect to such disputed information.

(3)   Treatment of Inaccurate or Unverifiable Information

(A) *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

22.  Plaintiff has been significantly harmed by defendant "**WELLS FARGO, N.A.**" due to the erroneous reporting of the alleged debt.  Due to defendants acts, Plaintiff has suffered damages that led to multiple denials of credit.  The multiple denials of credit were a direct reflection of defendants erroneous credit reporting.  Plaintiffs credit based on a deteriorated credit score and credit worthiness.  Defendant negligent and noncompliant acts may have been direct violation of 15 USC§1681(n) and 15 USC §1681(o) respectively.

23.  Therefore, Plaintiff demands judgment for damages against Defendant "DEBT COLLECTOR" for actual damages, punitive damages, and statutory damages of $1,000.00 attorney fees, and costs pursuant to 15 USC§1681(n) and 15 USC§1681(p).

V.                           **THIRD CAUSE OF ACTION**
                             **INVASION OF PRIVACY**
                                    **(DEFENDANT)**

24.  Paragraph 1 – 25 are re-alleged as though fully set out herein.

25.  Defendant "**WELLS FARGO, N.A.**" is a "debt collector" and a stranger to the Plaintiff.   Plaintiff has no contractual relationship with defendant "**WELLS FARGO, N.A.**" and has never applied for credit or services with the defendant.

26.  Plaintiff's right to privacy are also an enumerated Constitutional right, both in the State and Federal Constitution.   Plaintiff has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by defendant "DEBT COLLECTOR".   Importantly Plaintiffs are most concerned with the fact that Plaintiff "did not" provide their social security number to either defendant "DEBT COLLECTOR". Plaintiff support this assertion by the mere fact that no credit, application or services was applied nor received from the defendant "DEBT COLLECTOR".

27.  Plaintiff has a right to discovery, to determine where Defendant obtained their personal, private information from.   Specifically Plaintiff will investigate through discovery where defendant obtained Plaintiffs social security number from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used.   Defendant DEBT COLLECTOR may also be guilty of identity theft under state and federal law.

28.  Therefore defendant "**WELLS FARGO, N.A.**" is liable to Plaintiff for actual punitive, consequential, compensatory damages in an amount determine at trial or by the court.

VI.                          **FOURTH CAUSE OF ACTION**
                   **NEGLIGENT, WANTON, AND/ORINTENTIONAL HIRING**
                   **AND SUPERVISION OF INCOMPETENT EMPLOYEES OR**
                   **AGENTS, AND**
                                    **(DEFENDANT)**

29. Paragraph 1 – 61 are re-alleged as though fully set out herein.

30. Defendant "**WELLS FARGO, N.A.**" was aware of their wrongful conduct in creating an alleged debt Plaintiffs are not obligated to, or are not able to discern the amount and character of the alleged debt. Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, repossession agents, and debt collection against the Plaintiff. Defendant **WELLS FARGO, N.A.** negligently, wantonly, and/or intentionally hired, trained, retained, and/or supervised incompetent debt collectors in defendant **WELLS FARGO, N.A.** is therefore responsible and liable to the plaintiff for the wrongs committed against them, and the substantial damages suffered by Plaintiffs.

31. Therefore Plaintiffs is entitle to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

## VII.                            SIXTH CAUSE OF ACTION

## VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT

32. Paragraph 1 – 41 are re-alleged as though fully set out herein.

33. All paragraphs of the Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34. Plaintiff is "consumer" as defined in 15 USC§1692a(3). Defendants "**WELLS FARGO, N.A.**" are 'debt collectors" as defined in 15 USC§1692a(6). Defendants were attempting to collect a debt for "household purposes" 15 USC§1692a(5).

35. Plaintiffs served defendant and each of them were served notice with a Notice of Dispute in compliance with 15 USC§1692g. 15 USC§1692g requires defendant to provide Plaintiffs with verification of the alleged debt once received. 15 USC§1692g(5)(b) requires defendant to cease all collections activity until the debt collector obtains verification of the alleged debt. Defendants and each of them has §failed to provide one scintilla of proof of their alleged debt. However defendants

continue to make attempts at collection of the alleged debt through erroneous credit reporting, and illegal acts of foreclosure.

36. Defendants violated the FDPCA, and caused damages to Plaintiff by their failure to comply with the Act. Defendant's violation include, but are not limited to the following:

    a. Defendant violated 15USC§1692d of the FDCPA by engaging in conduct that natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

    b. Defendant violated 15USC§1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

    c. using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 USC§1692f;

    d. Defendant violated the 15 USC§1692(e)(8) requires debt collectors to communicate to the disputed stats of a debt if the debt collector "knows or should know" that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when the knowledge is "acquired."

37. Specifically defendant "DEBT COLLECTOR" knew it was not entitled to collected on the non-existent debt.

38. Defendants were fully aware that each of them were/are unable to provide performance contract executed by Plaintiff, whereby Plaintiff are obligated to defendants.

39.     Therefore defendants are liable to Plaintiffs for damages to their consumer credit report which resulted in higher auto insurance premiums, higher interest rates, emotional, mental stress, insomnia, embarrassment, loss of sleep, anxiety,  and other related damages due to defendant's act.

Dated: January 10, 2013

ROBERT H. O'CONNOR, *Plaintiff*
3157 BAKER ST
SAN FRANCISCO, CA 94123

## CERTIFICATE OF SERVICE

I certify that a copy of this Summons and Complain will be served upon defendant(s) party listed below in compliance with FRCP Rule -4

**WELLS FARGO, N.A.**
2710 GATEWAY OAKS DR
SACRAMENTO, CA  95833

EXIHIBIT A



WELLS
FARGO

July  , 2013
Loan  .: 0047153481
Bor      : Robert H. O'Connor Sr

147 Avenida Barbera
Sonoma, CA 95476

Pro      y: 147 Avenida Barbera
          Sonoma CA 95476-8054

Attn:  Mail Out
Fax:   (999)999-9999
Esc/Ord No.: Robert H. O'Connor Sr

Phon  Nc.: (000)000-0000
          (000)000-0000

*********************** PAYOFF ST   EMENT ***************************

*MAIL CERTIFIED FUNDS ONLY TO 4101 W.. EMAN BOULEVARD, BLDG 203, SAN
ANTONIO, TEXAS 78251, ATTN: PAYOFF .. PARTMENT, MAC T7416-025 OR WIRE
FUNDS TO: WELLS FARGO HOME MORTGAGE  BA NO. 121000248, BENEFICIARY NO:  ,
6707006604 ATTN: PAYOFF DEPARTMENT,  10: WISEMAN BLVD, BLDG 203,
SAN ANTONIO, TX 78251-42C1.  INCLU.  THE FOLLOWING INFORMATION: CREDIT
LOAN: 0047153481, PROPERTY ADDRESS:  47 Avenida Barbera, Sonoma CA 95476.
*LOANS WITH AUTOMATIC DRAFTING FEATU.  (EFTS) MUST BE CANCELLED AT LEAST
SIX BUSINESS DAYS PRIOR TO THE NEXT  AYMENT DUE DATE (EXCEPT BIWEEKLY
LOANS WHICH CANNOT BE CANCELLED UNT:  THE LOAN IS PAID IN FULL).  ALL
ALL EXCESS FUNDS RECEIVED DUE TO OV.. PAYMENT, INCLUDING BIWEEKLY
DRAFTS, WILL BE REFUNDED WITHIN 30 : SINESS DAYS.
*THIS STATEMENT SUPERCEDES ALL PRIOR  AYOFF STATEMENTS ISSUED BY
WELLS FARGO HOME MORTGAGE.

        THIS STATEMENT IS V:   A-TER July 23, 2013.
FOR AN UPDATE AFTER THE VOID DATE OR  OR QUESTIONS REGARDING THIS
PAYOFF STATEMENT,  PLEASE CALL 800-(  -(:57.

        335,448.74    Principal F   ance
                      FROM        RU      RATE      INTEREST
                      04/26/11 01  3/13  4.44000   19,716.49
                      0:/14/13 04  1/13  4.43000    3,901.41
                      04/22/13 05  9/13  4.41000    1,105.27
                      05/20/13 06  6/13  4.37000    1,093.28
                      06/17/13 0   3/13  4.25000    1,931.82

        27,180.55   Interest (PER . EM    37.85)
         2,200.00   Corp rate Adv. e Balance
         8,877.66   Escrow Advan.  al ance
            24.12   Foreclosure F
            13.00   Recording Cos
         1,383.86   Late Fees
       375,127.93   TOTAL require: o pay loan in full
            60.00   Outstanding N  Fee
            30.00   Inspection Fe
       375,217.93   TOTAL TO PAY .. N AND RELATED WELLS FARGO CHARGES



*The total interest due includes all interest periods; however, due to space limitations, all months may not be itemized.

*Please be advised that any prepayment fee waiver request must be received, in writing only, and authorized by a Wells Fargo Home Mortgage Loan Service representative.

*Issuance of this statement does not suspend the contract requirement to make mortgage payments when due. The next loan payment is due 10-10-11. If payments are not made within 15 days after this date, add an additional late charge of 3 42.16.

*Total interest WILL BE CHARGED at a per diem rate and the payoff will not be complete, nor will a reconveyance be issued, until the TOTAL required to pay loan in full has been received.

*Escrow balance as of today's date is ?.?0, which is subject to change. All escrow refunds will be issued to the borrower ten (10) business days after the payoff date. DO NOT NET FROM PAYOFF.

*This is an Adjustable Rate Mortgage (ARM) and has periodic rate changes which may increase or decrease the per diem rate and, therefore, the amount of interest at payoff.

*Full Reconveyance, Release, Discharge or Satisfaction of Mortgage (as determined by state) will be forwarded to the appropriate recorder's office for recording in accordance with the time frames required in the applicable State Law ONLY when the TOTAL required to pay loan in full has been received, the borrower has fully complied with this statement and ALL checks or other instruments submitted for payment of any prior amounts due on the loan have cleared. Any questions or request, regarding the lien release process can be directed to Wells Fargo Home Mortgage, PO Box 103335, Des Moines, IA 50326.

Please be advised that Wells Fargo Home Mortgage may be attempting to collect a debt and any information obtained may be used for that purpose. If you are currently in bankruptcy or your debt has been discharged in bankruptcy, Wells Fargo Home Mortgage is exercising its rights against the property and is not attempting to hold you personally liable on the Note.

-----------------------BORROWER'S FORWARDING ADDRESS--------------------
PLEASE HAVE THE BORROWER COMPLETE AND SIGN THE FOLLOWING FORM AND INCLUDE IT WITH YOUR PAYOFF FUNDS. THANK YOU.
Loan No.: 0047153481

(Please Print)
NAME:
STREET, CITY, STATE, ZIP: _____  _  _____
BORROWER'S SIGNATURE: _____  _  _____

XP451 031 AHM

> TOCOMPANY: U261525

EXIHIBIT B

# URGENT ATTENTION REQUESTED

# STOP SALE DATE SCHEDULED 7/25/2013

# FORWARD TO FORECLOSURE DEPT.

# BUTLER,PHELPS,KAUFMAN&

## ASSOCIATES

P.O. Box 91053
Henderson, NV 89009
888-250-6713 – Office
888-250-5074 – Fax

July 24, 2013

Robert H. O'Connor, Sr.
**Acct.#0047153481**
147 Avenida Barbera
Sonoma, CA [95476]

Wells Fargo
**Attn: Foreclosure Department**
PO Box 659558
San Antonio, TX 78285-9588

Re: Discrepancy/Pending Foreclosure

To Whom It May Concern:

The above-named homeowner(s) has hired us to assist them in resolving their discrepancy with the purported lender, who claims to be owed money by the homeowner for a loan number 0047153481, given to them on August 30, 2007, for the purchase of their property located at 147 Avenida Barbera, Sonoma, CA [95476] .

Please be advised that this letter is our formal dispute in this matter as well as our formal request for the information requested below; which will provide us clarity on the purported loan with World Savings Bank, FSB (according to the deed of trust).

Please provide us with a copy of loan document(s), a copy of the cancelled check with our clients endorsement, bank stamp indicating that it was received, and cashed by our client, and/or a copy of the wire transfer showing the funds being wired into our clients account at the time of the transaction.

Please be advise that your claim is now in dispute, and we expect you to act in good faith, abiding by the Fair Debt Collection Practices Act and Fair Debt Credit Reporting act, by postponing and/or cancelling any and all schedules sales on the property until this discrepancy is resolved without recourse.

You should know that a copy of this document, and all other correspondence will be recorded in the county recorder's office where the property is located as a matter of record.

Furthermore we have yet to receive a response to our request for a QWR, which was sent to you on June 27, 2013. We are question the legality of your continuing with a foreclosure sale date if you have fail to respond to the discrepancies raised in the QWR.

Please ensure that all responses contain a name, title, contact phone, and fax number as if we have a need to respond to your request we have a name of an individual, and a way to get a hold of them.

Please be advise that we expect your response to our request within twenty-one (21) days of the date of this letter.

If there is a pending sale date on this property we again expect you to act in good faith and advise the trustee of this discrepancy, and as that they immediately cease, and desist any foreclosure sale until further written notification.

If for any reason you are unable or refused to provide us with the requested documentation please supply us with written correspondence explaining your denial to our request.

Please be advised if you are the trustee, attorney or debt collector acting on behalf of the purported lender, and move forward with a sale after regardless of your receipt of this notification, you will be held liable to the fullest extent of the law.

Thank you for your understand, cooperation, and prompt attention to this matter.

Sincerely,

*Kimberly Johnson*

Butler, Phelps, Kaufman & Associates

EXIHIBIT C



Wells Fargo Home Mortgage
MAC T7419-022
P.O. Box 659558
San Antonio, TX 78265-9558

July 29, 2013

Robert H. O'Conner, Sr
147 Avenida Barbera
Sonoma, CA 95476-8054

Re: Loan Number 0047153481

Dear Robert H. O'Conner, Sr:

Thank you for the opportunity to respond to your concerns. We received correspondence from Butler, Phelps, Kaufman & Associates on July 24, 2013, addressed to Wells Fargo Home Mortgage. As Butler, Phelps, Kaufman & Associates' authorization is limited to receiving verbal information only, I am responding directly to you. Wells Fargo Home Mortgage takes great pride in providing quality service to our customers.

We feel our previous responses letter dated March 3, 2012, April 4, 2012, August 24, 2012, September 7, 2012, June 19, 2013, and July 11, 2013, addressed the concerns recited in your most recent correspondence. Should you need further interpretation of documents or legal test, we suggest that you retain counsel of your choosing. Wells Fargo Home Mortgage will not further respond to the matters raised in your correspondence. As of the date of this letter, no foreclosure sale is scheduled.

You are a valued customer, and I appreciate the time you took to contact us. If you have any questions or concerns, please contact the Foreclosure department at 1-800-282-3458. A representative will be able to assist you Monday through Friday, 7:00 a.m. to 8:00 p.m. and Saturday from 8:00 a.m. to 5:00 p.m., Central Time.

Sincerely,

Korey Walts
Customer Care Manager
Customer Experience Department

Wells Fargo Home Mortgage may be attempting to collect a debt and any information obtained may be used for that purpose. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. If you are currently in bankruptcy or your debt has been discharged in bankruptcy, Wells Fargo Home Mortgage is only exercising its rights against the property and is not attempting to hold you personally liable on the Note.

With respect to loans secured by property located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

KOW

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801



Wells Fargo Home Mortgage
MAC T7419-022
P.O. Box 659558
San Antonio, TX 78265-9558

June 18, 2013

Robert H O'Connor Sr
147 Avenida Barbera
Sonoma, CA 95476-8054

Re: Loan Number - 0047153481

Dear Robert H O'Connor Sr:

Thank you for your correspondence received on May 23, 2013. Your correspondence was referred to me for review and response. I appreciate the opportunity to respond to your concerns and/or provide you with assistance. Wells Fargo Home Mortgage takes great pride in providing quality service to our customers.

A review of your file indicates the foreclosure sale date was postponed until July 25, 2013.

During a time of financial hardship, various payment assistance options are made available to our customers. These options may include a repayment plan, loan modification, short sale, or deed in lieu. Payment assistance options are based on a homeowner's ability to repay the debt.

A Home Preservation Specialist will be contacting you to discuss possible modification options. You may also obtain additional information regarding payment assistance options by contacting our Home Preservation Department at 1-877-371-9959. They are available Monday through Friday from 8:00 a.m. to 10:00 p.m., and Saturday from
8:00 a.m. to 5:00 p.m., Central Time.

Wells Fargo Home Mortgage may be attempting to collect a debt and any information obtained may be used for that purpose. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. If you are currently in bankruptcy or your debt has been discharged in bankruptcy, Wells Fargo Home Mortgage is only exercising its rights against the property and is not attempting to hold you personally liable on the Note.

With respect to loans secured by property located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade commission at 1-877-FTC-HELP or www.ftc.gov.

90R



Wells Fargo Home Mortgage
MAC T7419-022
P.O. Box 659558
San Antonio, TX 78265-9558

Robert H O'Connor Sr
0047153481
Page 2

You are a valued customer, and I appreciate the time you took to contact us.  If you have any questions or concerns. please contact the Foreclosure Department at 1-800-282-3458.  A representative will be able to assist you Monday through Friday, 7:00 a.m. to 8:00 p.m., and Saturday, 8:00 a.m. to 5:00 p.m., Central Time.

Sincerely,

Ronald Gordon
Customer Care Manager
Customer Experience Department

Wells Fargo Home Mortgage may be attempting to collect a debt and any information obtained may be used for that purpose.  We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  If you are currently in bankruptcy or your debt has been discharged in bankruptcy. Wells Fargo Home Mortgage is only exercising its rights against the property and is not attempting to hold you personally liable on the Note.

With respect to loans secured by property located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse. about your debt.  Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade commission at 1-877-FTC-HELP or www.ftc.gov.

90R

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

## CERTIFICATE OF SERVICE

I certify that a copy of this Summons and Complain will be served upon defendant(s)
party listed below in compliance with FRCP Rule -4

**WELLS FARGO, N.A.**
2710 GATEWAY OAKS DR., STE. #150N
SAN FRANCISCO, CA 95833

"EXIHIBIT D"