United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT H. O'CONNOR,                                No. C-14-00211 DMR

    Plaintiff,                                **ORDER GRANTING DEFENDANT'S**
        v.                                          **MOTION TO DISMISS [DOCKET NO. 6]**

WELLS FARGO, N.A.,

    Defendant.
_____/

    Defendant Wells Fargo, N.A. ("Wells Fargo") moves the court to dismiss Plaintiff Robert H. O'Connor's ("Plaintiff") complaint [Docket No. 1] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. Docket No. 6. The court conducted a hearing on the motion on April 10, 2014. After the hearing, the court referred the parties to mediation, which ultimately did not resolve the case. Plaintiff proceeds *pro se*. For the reasons below, Defendant's motion is granted.

### I. Background

    The following facts are allegations Plaintiff makes in his complaint, all of which are taken as true solely for purposes of this motion.[1] Wells Fargo also provided judicially noticeable facts which the court incorporates where appropriate.

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

Plaintiff's and Wells Fargo's relationship arises from a $320,000 mortgage loan secured by a Deed of Trust on Plaintiff's property in Sonoma, California. Request for Judicial Notice ("RJN") [Docket No. 7],[2] Ex. B (Deed of Trust). Plaintiff originally obtained this loan from World Savings Bank, FSB in August 2007. *Id.* The Deed of Trust identifies Plaintiff's lender as "WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES." *Id.* Shortly after World Savings Bank originated the loan, it changed its name to Wachovia Mortgage, FSB, which later merged into Wells Fargo Bank, NA in November 2009. RJN, Ex. C (Letter from Office of Thrift Supervision acknowledging change of name from World Savings Bank or Wachovia Mortgage) and Ex. D (Comptroller of the Currency's letter acknowledging "conversion of Wachovia Mortgage FSB . . . to a national bank with the name Wells Fargo Bank Southwest, National Association" and the merger of "Wells Fargo Bank Southwest, National Association with and into Wells Fargo Bank, National Association"); *see also* Supp. RJN [Docket No. 20], Ex. G (Substitution of Trustee signed by "Wells Fargo Bank, NA successor by merger to Wells Fargo Bank Southwest, NA F/K/A Wachovia Mortgage FSB F/K/A World Savings Bank, FSB").

On July 16, 2013, Wells Fargo sent Plaintiff a letter regarding a loan owed to Wells Fargo by Plaintiff. Compl. ¶ 6; Ex. A (Payoff Statement). Plaintiff asserts he "is without knowledge of the alleged debt defendants purport to claim is owed" and contends that he "has no contractual relationship with Defendant Wells Fargo" and "never applied for credit or services with defendant Wells Fargo." Compl. ¶¶ 5, 25. According to Wells Fargo, this notice was a Payoff Statement relating to Plaintiff's mortgage. Motion at 1, 2; *see also* Compl., Ex. A. Over a year earlier, on

---

[2] "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and the court need not accept as true allegations that contradict facts that are judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court grants Wells Fargo's unopposed request for judicial notice of Exhibit B (Deed of Trust dated August 30, 2007 and recorded on September 5, 2007), Ex. F (Notice of Default and Election to Sell dated April 9, 2012), and Ex. G (Substitution of Trustee dated April 27, 2012) because they are true and correct copies of the official public record of the San Francisco County Superior Court and Sonoma County Recorder's Office. The court likewise grants Wells Fargo's unopposed request for judicial notice for Exhibits C and D, which are also official public records of correspondence from the Office of Thrift Supervision and the Comptroller of the Currency respectively. The authenticity of each of these documents is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

2

April 11, 2013, the Official Recorder of Sonoma County recorded a Notice of Default and Election to Sell Under the Deed of Trust for Plaintiff's property. Supp. RJN, Ex. F. The Notice of Default lists Wells Fargo as the entity to contact to arrange for payment or stop the foreclosure. *Id.*

Shortly after receiving the notice, Plaintiff served Wells Fargo with a Notice of Validation of Debt pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, requiring Wells Fargo to validate and verify its alleged debt. Compl. ¶ 7. Wells Fargo responded on July 29, 2013 stating that Wells Fargo felt the six previous responses letters it had sent Plaintiff addressed Plaintiff's concerns. Compl. ¶ 8; Exhibit C (July 29, 2013 letter from Wells Fargo to Plaintiff). The letter stated that Wells Fargo had sent letters to Plaintiff on six previous occasions: March 3, 2012; April 4, 2012; August 24, 2012; September 7, 2012; June 19, 2013; and July 13, 2013. *Id.* Letters from Wells Fargo dated July 29, 2013 and June 19, 2013 were attached to the Complaint. *Id.* Both were sent by Wells Fargo's Home Mortgage department; the June 19, 2013 letter states that "[a] review of your file indicates the foreclosure sale date was postponed until July 25, 2013." *Id.* There are no allegations that Plaintiff replied to any of Wells Fargo's letters.

In November 2013, Plaintiff obtained a copy of his credit report from three major credit reporting agencies ("CRAs"): Equifax, Experian, and Transunion. Compl. ¶ 9. Plaintiff discovered that Wells Fargo had reported the alleged debt to the credit reporting agencies and immediately filed a dispute with the credit agencies pursuant to pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Compl. ¶ 9. Plaintiff alleges that he notified Wells Fargo of his dispute by fax and that Wells Fargo also received notice from the three credit reporting agencies. Compl. ¶ 18. According to Plaintiff, at the time he filed his complaint, erroneous information remained on his credit report. Compl. ¶ 9. Plaintiff alleges that Wells Fargo failed to delete information found to be inaccurate and erroneous and/or failed to properly investigate his disputes. Compl. ¶ 9. Plaintiff also alleges that Wells Fargo is a "debt collector" as that term is defined by the FDCPA. Compl. ¶ 3.

On January 14, 2014, Plaintiff filed suit against Wells Fargo alleging four causes of action: (1) violation of the FCRA, 15 U.S.C. § 1681s-2(b); (2) violation of the FDCPA, 15 U.S.C. § 1692;

3

1  (3) invasion of privacy; and (4) "negligent, wanton, and/or intentional hiring and supervision of
2  incompetent employees or agents." Compl. ¶¶ 13-39.[3]

## II. Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court "accept[s] as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The court has a duty to interpret *pro se* pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

## III. Analysis

### A. Plaintiff's FCRA Claim

Plaintiff's first cause of action is for violation of the FCRA, 15 U.S.C. § 1681s-2(b). Plaintiff alleges that Wells Fargo violated the FCRA by failing to reasonably investigate Plaintiff's dispute regarding the accuracy of the debt Wells Fargo reported about Plaintiff to the credit reporting agencies. Compl. ¶ 18.

---

[3] Plaintiff has filed at least six other virtually identical complaints in the following cases: *O'Connor v. Sabadell United Bank, NA*, N.D. Cal. Case No. CV-14-0180 JCS; *O'Connor v. Nationstar Mortgage*, N.D. Cal. Case No. CV-13-5874-NC; *O'Connor v. Capital One*, N.D. Cal. Case No. CV-14-0209 JSC; *O'Connor v. Capital One*, N.D. Cal. Case No. CV-14-0177 KAW; *O'Connor v. JP Morgan Chase*, N.D. Cal. Case No. CV-14-0178 KAW; and *O'Connor v. Carrington Mortgage Services, LLC*, N.D. Cal. Case No. CV-14-0210 DMR.

Congress enacted the FCRA in 1970 to regulate credit reporting agencies ("CRAs") and furnishers of information to CRAs in order to ensure fair and accurate credit reporting. *See* 15 U.S.C. § 1681. Plaintiff appears to allege only a violation of Section 1681s-2(b).[4] Consumers have a private right of action for negligent or willful noncompliance under Section 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). Section 1681s-2(b) requires "that a furnisher conduct a reasonable investigation of a consumer dispute" and report the results to the CRA. *Id.* In addition, "'if the investigation finds that the information is incomplete or inaccurate, [the furnisher must] report those results' to the CRAs." *Id.* (quoting Section 1681s-2(b)(1)(C)). The investigation must take place within specific time limits, and the furnisher must modify, delete, or block reporting of information that is inaccurate, incomplete, or cannot be verified. 15 U.S.C. § 1681s-2(b).

Wells Fargo argues that this claim fails because Plaintiff has failed to allege what is inaccurate about Wells Fargo's reporting. (Def.'s Mot. 4.) "[T]o state a claim for furnishing inaccurate information, Plaintiff must identify which information is inaccurate." *Noel v. Bank of Am.*, No. 12-4019-SC, 2012 WL 5464608, at *4 (N.D. Cal. Nov. 8, 2012) (citing *Carvalho v. Equifax Info. Servs.*, LLC, 588 F. Supp. 2d 1089, 1096 (N.D. Cal. 2008) *aff'd*, 629 F.3d 876 (9th Cir. 2010) (noting that a majority of courts interpreting § 1681i have required a showing of inaccuracy to state a claim)).

In this case, the complaint does not describe any inaccuracies in Wells Fargo's reporting other than to argue that "Plaintiff has no contractual relationship with Defendant Wells Fargo" and that Plaintiff "never applied for credit or services" with Wells Fargo. Compl. ¶ 25. Plaintiff acknowledged at the hearing that he owes a mortgage debt to World Savings Bank, but disputes that

---

[4] Despite Wells Fargo's motion to dismiss Plaintiff's Section 1681s-2(a) claim, Plaintiff does not appear to be making a claim under Section 1681s-2(a). (*See* Compl. ¶ 15.) Under Section 1681s-2(a), furnishers may not report credit information to CRAs that they know to be inaccurate. 15 U.S.C. § 1681s-2(a). To the extent the complaint can be construed as alleging such a claim, it is dismissed because FCRA does not create a private right of action for violations of Section 1681s-2(a). 15 U.S.C. § 1681s-2(c)(1) ("Except [for circumstances not relevant here], sections 1681n and 1681o of this title [providing private right of action for willful and negligent violations] do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder.").

he owes any debt to Wells Fargo and does not understand how Wells Fargo now claims this debt. The court notes that the "plain allegation that 'the accounts do not belong to'" Plaintiff is insufficient to state claim for inaccurate reporting. *Iyigun v. Cavalry Portfolio Servs, LLC*, No. CV–12–8682–MWF (JEMx), 2013 WL 950947, at *1 (C.D. Cal. Mar. 12, 2013). In any event, judicially noticeable facts show that Plaintiff's mortgage loan was transferred from Plaintiff's original lender, World Savings Bank, to its successor, Wells Fargo. Plaintiff's Deed of Trust identifies the lender as World Savings Bank and its "successors and/or assignees." RJN., Ex. B. Judicially noticeable documents demonstrate that World Savings Bank changed its name to Wachovia Mortgage, which later merged with and into Wells Fargo. *See* RJN, Ex. C and D; Supp. RJN, Ex. G. Indeed, the Payoff Statement that Plaintiff received from Wells Fargo and attached to his complaint references the same loan number as the number originally included on his Deed of Trust with World Savings Bank. *Compare* Compl., Ex. A *with* RJN, Ex. B (both referencing Loan Number: 0047153481). In light of these facts, the court finds that Plaintiff does not allege a plausible inaccuracy in Wells Fargo's reporting as required to state a claim for a violation of Section 1681s-2(b).[5]

Accordingly, Wells Fargo's motion to dismiss Plaintiff's first cause of action for a violation of the FCRA is granted. Plaintiff is given leave to amend this claim to attempt to cure the above deficiencies.

### B. Plaintiff's FDCPA Claim

Plaintiff also brings a claim under the FDCPA, 15 U.S.C. § 1692. Wells Fargo's sole argument in response to Plaintiff's FDCPA claim is that Wells Fargo is not a "debt collector" under the statute, a required element for a FDCPA claim. *See* 15 U.S.C. §§ 1692a(6) and 1692g; *see also*

---

[5] Wells Fargo also argues that it has no duty to re-investigate Plaintiff's complaints under the FCRA. (Def.'s Mot. 5.) The Ninth Circuit has held that a furnisher's duty to re-investigate a particular transaction is limited when there is no new information or other reason to doubt the result of the earlier investigation. *Gorman*, 584 F.3d at 1160. Here, by the time Plaintiff disputed Wells Fargo's debt reporting, Wells Fargo argues that it had already sent "six previous response letters" addressing Plaintiff's concerns. (Def.'s Mot. 5.) Neither party provided the court with the substance of those letters, so there is insufficient evidence to determine whether Wells Fargo has already conducted a reasonable investigation of the transaction underlying Plaintiff's dispute.

*Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011) ("To state a claim alleging violation of the . . . FDCPA . . . a plaintiff must show . . . that the defendant is a debt collector.").

The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose* of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*." 15 U.S.C. § 1692a(6) (emphasis added).

According to the allegations in the complaint and judicially noticeable facts, Plaintiff took out a mortgage loan from Wells Fargo's predecessor, and Wells Fargo attempted to collect funds related to that loan. These facts do not make Wells Fargo a debt collector for purposes of the FDCPA. The complaint fails to allege facts that Wells Fargo's principal purpose is the collection of debts or that Wells Fargo collected these debts for another. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (dismissing FDCPA claims brought by mortgagors against mortgagee Wells Fargo as Wells Fargo was not a "debt collector" because complaint "establishe[d] only that debt collection is *some part* of Wells Fargo's business" and did not allege that Wells Fargo "collects debts owed *to someone other than* Wells Fargo") (emphasis added); *see also Lyons v. Bank of Am., NA*, No, 11-01232 CW, 2011 WL 3607608, at *12 (N.D. Cal. Aug. 15, 2011) (after acquiring plaintiffs' mortgage loan, defendants who initiated foreclosure proceedings were not "debt collectors" because "FDCPA applies to those who collect debts on behalf of another; it does not encompass creditors who are collecting their own past due accounts.").[6]

Accordingly, Wells Fargo's motion to dismiss Plaintiff's FDCPA claim is granted. Plaintiff may amend this claim only if he is able to plausibly and sufficiently allege that Wells Fargo is a debt collector.

---

[6] To the extent that Plaintiff argues that Wells Fargo is collecting the debt from another because the debt was originally owned by other lenders, the Ninth Circuit has also rejected this argument in *Schlegel*. There, plaintiffs contended that because Wells Fargo was in the business of collecting not only the debts it originated, but also debts that were originated by others, it should fit within the FDCPA's second definition of debt collector. *Schlegel*, 720 F.3d at 1209. The Ninth Circuit rejected that argument because it is not supported by the statutory text of the FDCPA. *Id.*

### C. Plaintiff's State Law Claims

Plaintiff also alleges claims for invasion of privacy and for "negligently, wantonly, and/or intentionally hir[ing], train[ing] and/or supervis[ing] incompetent debt collectors." Compl. ¶¶ 24-31. Wells Fargo argues that these claims are preempted by the FCRA, and accordingly, should be dismissed.

A state claim that arises from the same conduct as a claim under 15 U.S.C. § 1681s-2 is preempted pursuant to 15 U.S.C. § 1681t(b), which provides, in relevant part, that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).

The issue, therefore, is whether the conduct giving rise to Plaintiff's claims of invasion of privacy and negligent and/or willful hiring and supervising falls within the subject matter regulated by Section 1681s-2 and therefore the preemption provisions of Section 1681t(b). At the hearing, the court asked Plaintiff to clarify the basis for his state law claims. Plaintiff explained that the invasion of privacy claim is based on Wells Fargo obtaining Plaintiff's private information and then reporting that information to the credit bureaus despite Plaintiff's belief that he does not have a debt with Wells Fargo. Plaintiff also confirmed that his claim for negligent and/or intentional hiring and supervising is based on a theory that Wells Fargo's employees must have been negligently or intentionally badly supervised to have reported to the CRAs that Plaintiff had a debt with Wells Fargo.

At the heart of both state law claims, Plaintiff accuses Wells Fargo of failing to report accurate credit information and failing to take reasonable steps to make corrections after he reported what he views as inaccuracies. Section 1681s-2 of the FCRA regulates the duties Plaintiff seeks to enforce through these claims. *See*, *e.g.*, 15 U.S.C. § 1681s-2(a-b) (requiring furnishers to accurately report credit information and describing steps they must take to ensure that accuracy); *see also Mann v. Wells Fargo*, No. C 12-03014-DMR, 2012 WL 3727369, at *4 (N.D. Cal. Aug. 27, 2012) ("The claim that forms the core of [mortgagors'] complaint is that Defendants reported inaccurate

8

information to CRAs and failed to remedy Plaintiffs' request for corrections. Plaintiffs' allegations put their negligence, defamation, and invasion of privacy claims within the purview of section 1681 s-2, because they clearly involve duties and responsibilities required of furnishers of credit information. Accordingly, because these claims are preempted, amendment would be futile and causes of action one through four are dismissed with prejudice.") (citations omitted); *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1126 (S.D. Cal. 2012) (mortgagor's invasion of privacy and negligence claims based on bank's reporting inaccurate information to CRAs preempted by Section 1681t(b)).

As the duties Plaintiff seeks to enforce fall within the broad purview of Section 1681s-2, Plaintiff's state law claims are preempted under Section 1681t(b) of the FCRA. Accordingly, Defendant's motion to dismiss on these claims is granted, and because amendment cannot cure this deficiency, this claim is dismissed with prejudice and without leave to amend.

### IV. Conclusion

For the foregoing reasons, the motion to dismiss is **granted**. Plaintiff may amend his FCRA and FDCPA claims only to the extent he can cure the deficiencies noted in this order. Any amended complaint must be filed by **July 18, 2014.** Plaintiff's state law claims are dismissed with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated: July 3, 2014

_____
DONNA M. RYU
United States Magistrate Judge