United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT H. O'CONNOR,

Plaintiff,

v.

WELLS FARGO, N.A.,

Defendant.

_______________________________________/

No. C-14-00211 DMR

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DOCKET NO. 31]**

Defendant Wells Fargo, N.A. ("Wells Fargo") moves the court to dismiss the First Amended Complaint ("FAC") [Docket No. 1] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. [Docket No. 31.] The court conducted a hearing on the motion on September 25, 2014. Plaintiff proceeds *pro se*. For the reasons stated below and at the hearing, Defendant's motion is **granted**.

## I. Background

### A. Procedural History

Plaintiff Robert H. O'Connor filed this lawsuit on January 14, 2014, alleging four causes of action: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (3) invasion of

privacy; and (4) "negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents." Compl. [Docket No. 1] ¶¶ 13-39.[1]

On July 3, 2014, this court issued an order dismissing the Complaint. Mot. Dismiss Order [Docket No. 25]. The court dismissed Plaintiff's FCRA and FDCPA claims with leave to amend "only to the extent he can cure the deficiencies noted in this order." *Id.* at 9. The court dismissed Plaintiff's state law claims without leave to amend because it found that amendment would be futile. *Id.*

On July 17, 2014, Plaintiff filed the FAC. Although the court granted leave only to amend the FCRA and FDCPA claims, the FAC realleges the FDCPA claim and alleges two new FCRA claims and six additional state law claims: (1) intentional infliction of emotional distress; (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"); (3) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"); (4) declaratory judgment/quiet title; (5) wrongful foreclosure; and (6) injunctive relief.[2]

**B. Factual Allegations**

The FAC is a confusing, non-linear 28-page document that combines allegations with legal argument and recitations of statutory language, and bears little resemblance to the original Complaint. The FAC also omits basic details. For example, the first allegation in the "Factual Background" section of the FAC states that "On or around November 2011, Plaintiff made his last payment to the alleged creditor at the time." But Plaintiff fails to set forth who the "alleged creditor at the time" was, the reason Plaintiff was required to make payments to that alleged creditor, or the amount of payment. *See* FAC at ¶ 15. Plaintiff also points to "the loan referred to in this complaint" but does not ever clearly identify a loan by any party to another. FAC at ¶ 21. Plaintiff alleges that

---

[1] Plaintiff has filed at least six other virtually identical complaints in the following cases: *O'Connor v. Sabadell United Bank, NA*, N.D. Cal. Case No. CV-14-0180 JCS; *O'Connor v. Nationstar Mortgage*, N.D. Cal. Case No. CV-13-5874-NC; *O'Connor v. Capital One*, N.D. Cal. Case No. CV-14-0209 KAW; *O'Connor v. Capital One*, N.D. Cal. Case No. CV-14-0177 KAW; *O'Connor v. JP Morgan Chase*, N.D. Cal. Case No. CV-14-0178 KAW; and *O'Connor v. Carrington Mortgage Services, LLC*, N.D. Cal. Case No. CV-14-0210 CW.

[2] Although this disobeys the court's order granting limited permission to amend, the court nonetheless considers Plaintiff's new claims in the interest of efficiency and justice.

United States District Court
For the Northern District of California

he owns real property located at 147 Avenida Barbera in Sonoma, California that "is the subject of this litigation," but none of his allegations clearly explain how his property is related to his claims. FAC at ¶ 5.

The court has a duty to interpret *pro se* pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). Thus, while the FAC omits key details in the story, the court turns to judicially noticeable facts to interpret Plaintiff's allegations. In its previous order, the court took judicial notice[3] of the following facts presented by Wells Fargo: Plaintiff's and Wells Fargo's relationship arises from a $320,000 mortgage loan secured by a Deed of Trust on Plaintiff's property at 147 Avenida Barbera in Sonoma. Plaintiff originally obtained this loan from World Savings Bank, FSB in August 2007. The Deed of Trust identifies Plaintiff's lender as "WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES." Shortly after World Savings Bank originated the loan, it changed its name to Wachovia Mortgage, FSB, which later merged into Wells Fargo Bank, NA in November 2009. On April 11, 2012, the Official Recorder of Sonoma County recorded a Notice of Default and Election to Sell Under the Deed of Trust for Plaintiff's property. The Notice of Default lists Wells Fargo as the entity to contact to arrange for payment or stop the foreclosure. The Payoff Statement that Plaintiff received from Wells Fargo and attached to his original Complaint references the same loan number as the number originally included on his Deed of Trust with World Savings Bank. *See* Mot. Dismiss Order at 2-3.

The court has attempted to separate the factual allegations[4] from Plaintiff's legal argument and recitations of statutory language in the FAC. The allegations are as follows. On December 1, 2010, Plaintiff began receiving what Plaintiff refers to as "dunning notices" from Wells Fargo. FAC

---

[3] "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and the court need not accept as true allegations that contradict facts that are judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court documented record citations for the judicially noticeable facts in this paragraph in its previous order. *See* Mot. Dismiss Order at 2-3.

[4] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

United States District Court
For the Northern District of California

at ¶ 16. Plaintiff does not allege what these "dunning notices" stated, and does not attach them to the FAC. Plaintiff notes only that the documents indicated that Wells Fargo was attempting to collect a debt. FAC at ¶ 19. At this time, Plaintiff was in default on the debt. FAC at ¶ 19. Plaintiff alleges that he "does not have a contract with [Wells Fargo]." FAC at ¶ 35. Plaintiff also alleges that Wells Fargo obtained Plaintiff's credit report and made an inquiry on this report, FAC at ¶¶ 73-74, and is "attempting to foreclose on a property they have no right to foreclose on." FAC at ¶ 95.

The gist of the FAC is the same as the original Complaint: Plaintiff alleges that Wells Fargo does not own Plaintiff's debt. As a result, Plaintiff claims that Wells Fargo violated the FCRA, the FDCPA, and various state laws by attempting to collect the debt from Plaintiff, by communicating with credit reporting agencies about the debt, and by attempting to foreclose on Plaintiff's property. *See generally* FAC at ¶¶ 15-113. Additional allegations relevant to Plaintiff's claims will be noted below as appropriate.

## II. Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court "accept[s] as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## III. Analysis

### A. Plaintiff's FDCPA Claim

United States District Court
For the Northern District of California

Plaintiff's first claim is for violation of FDCPA, 15 U.S.C. § 1692. As the court noted in its earlier order, a plaintiff must show that the defendant is a debt collector in order to state a claim for violation of FDCPA. *See Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011) ("To state a claim alleging violation of the . . . FDCPA . . . a plaintiff must show . . . that the defendant is a debt collector."); 15 U.S.C. §§ 1692a(6) and 1692g. The court's earlier order stated the following:

> The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose* of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*." 15 U.S.C. § 1692a(6) (emphasis added).
>
> According to the allegations in the complaint and judicially noticeable facts, Plaintiff took out a mortgage loan from Wells Fargo's predecessor, and Wells Fargo attempted to collect funds related to that loan. These facts do not make Wells Fargo a debt collector for purposes of the FDCPA. The complaint fails to allege facts that Wells Fargo's principal purpose is the collection of debts or that Wells Fargo collected these debts for another. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (dismissing FDCPA claims brought by mortgagors against mortgagee Wells Fargo as Wells Fargo was not a "debt collector" because complaint "establishe[d] only that debt collection is *some part* of Wells Fargo's business" and did not allege that Wells Fargo "collects debts owed *to someone other than* Wells Fargo") (emphasis added); *see also Lyons v. Bank of Am., NA*, No, 11-01232 CW, 2011 WL 3607608, at *12 (N.D. Cal. Aug. 15, 2011) (after acquiring plaintiffs' mortgage loan, defendants who initiated foreclosure proceedings were not "debt collectors" because "FDCPA applies to those who collect debts on behalf of another; it does not encompass creditors who are collecting their own past due accounts.").[6]
>
> [Footnote 6] To the extent that Plaintiff argues that Wells Fargo is collecting the debt from another because the debt was originally owned by other lenders, the Ninth Circuit has also rejected this argument in *Schlegel*. There, plaintiffs contended that because Wells Fargo was in the business of collecting not only the debts it originated, but also debts that were originated by others, it should fit within the FDCPA's second definition of debt collector. *Schlegel*, 720 F.3d at 1209. The Ninth Circuit rejected that argument because it is not supported by the statutory text of the FDCPA. *Id.*

Mot. Dismiss Order at 7. The court stated that "Plaintiff may amend this claim only if he is able to plausibly and sufficiently allege that Wells Fargo is a debt collector." *Id.*

The new allegations in the FAC do not suffice to show that Wells Fargo is a debt collector. Plaintiff alleges that Wells Fargo "regularly attempts to collect debts alleged to be due to another," FAC at ¶ 28, "meets the definition of debt collector under the FDCPA" and "is not a creditor or a lender," *id.* at ¶ 32. These allegations are conclusory.

Plaintiff also raises several arguments in his opposition to the motion, each of which is deficient. First, Plaintiff claims that Wells Fargo has "clearly held [itself] out" to a be a debt collector, citing only to the statement on a payoff statement purportedly sent by Wells Fargo that "Wells Fargo Home Mortgage may be attempting to collect a debt and any information obtained may be used for that purpose." *See* Opp. [Docket No. 41] at 3, Ex. C. However, the statement that Wells Fargo "may be attempting to collect a debt" does not render it "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," which are the statutory definitions of "debt collector."

Second, Plaintiff argues that "[n]one of the documents [showing that Wells Fargo owns Plaintiff's debt] have been properly authenticated under the Federal Rules of Evidence." Opp. at 3. Plaintiff also raised this argument in his opposition to the motion to dismiss the original Complaint. This argument fails for the same reasons it failed earlier, because, as stated in the court's earlier order, "judicially noticeable facts show that Plaintiff's mortgage loan was transferred from Plaintiff's original lender, World Savings Bank, to its successor, Wells Fargo." Mot. Dismiss Order at 6.

Third, Plaintiff cites to cases purportedly supporting the argument that Wells Fargo can be a "debt collector" under the facts alleged, along with judicially noticeable facts. In *Williams v. Wells Fargo Bank*, No. 10-cv-5880-BHS, 2012 WL 72727 (W.D. Wash. Jan. 10, 2012), the plaintiffs took out a mortgage loan secured by a deed of trust on their property. Several years later, an assignment of deed of trust was recorded that named Wells Fargo as the new beneficiary on the deed of trust. The plaintiffs defaulted on the loan, and the trustee recorded a notice of trustee's sale. The plaintiffs then sued Wells Fargo for, inter alia, violation of the FDPCA. *Id.* at *1-2. Wells Fargo sought dismissal of the FDCPA claim on the basis that they were not debt collectors. The court declined to dismiss on that basis, holding that "the FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee" and that "although the Court is aware of district court cases that have held that the act of foreclosing on property is not 'debt collection'

United States District Court
For the Northern District of California

under the FDCPA, this Court has not adopted such a per se holding and it will not do so here." *Id.* at *5. The problem with Plaintiff's reliance on *Williams* is that it is an unpublished out of district case directly contradicted by the Ninth Circuit's more recent published opinion on matters analogous to those presented here. In *Schlegel*, which the court cited in its earlier order, the Ninth Circuit found that Wells Fargo was not a "debt collector" even though it had acquired the mortgage loan when the plaintiffs were in default under the loan agreement. *Schlegel*, 720 F.3d at 1206. *See also Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1102 (N.D. Cal. 2011) (plaintiffs had alleged that "[a]t the time of reassignment, Plaintiffs 'were delinquent on their loan payments and in default under the loan agreement.'"). The other cases cited by Plaintiff are simply inapposite. *See Santoro v. CTC Foreclosure Serv.*, 12 F. Appx 476, 480 (9th Cir. 2001) (declining to determine "whether [the loan servicer] is a debt collector under the FDCPA because we hold that the conduct, as alleged, does not constitute 'debt collecting'"); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1355 (D. Utah 2009) (holding that "a *loan servicer* . . . is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default" and that "the *holder* of the Note, which in this case is Fannie Mae, is not a 'debt collector' within the meaning of section 1692(a)(6) of the FDCPA because Fannie Mae is not attempting to collect the debt of another, and thus, as a matter of law, the FDCPA allegation against Fannie Mae is also dismissed") (emphasis added); *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 86 (2d Cir. 2003) (noting that the FDCPA creates an exception to the definition of "debt collector" if the collection attempt concerns a debt that is not yet in default).

Neither Plaintiff's new allegations nor arguments cure the deficiency that the court noted in its earlier order, and Plaintiff has again failed to plausibly and sufficiently allege that Wells Fargo is a debt collector under the FDCPA. For this reason, Plaintiff's FDCPA claim is **dismissed without leave to amend.**[5]

[5] Because the court dismisses the FDCPA claim on this basis, it declines to reach Wells Fargo's alternative argument, i.e., that the claim is barred by the doctrine of *res judicata* because a California court entered judgment on March 6, 2014 stating that "Wells Fargo National Association does not owe [Plaintiff Robert O'Connor] any money on plaintiff's claim [for violation of the FDCPA]." *See* Motion at 3.

**B. Plaintiff's FCRA Claim**

In the original Complaint, Plaintiff brought a claim for violation of the FCRA, specifically 15 U.S.C. § 1681s-2(b), alleging that Wells Fargo violated this section by failing to reasonably investigate Plaintiff's dispute regarding the accuracy of the debt Wells Fargo reported about Plaintiff to the credit reporting agencies. *See* Mot. Dismiss Order at 4-5. The court noted that "the complaint does not describe any inaccuracies in Wells Fargo's reporting other than to argue that 'Plaintiff has no contractual relationship with Defendant Wells Fargo' and that Plaintiff 'never applied for credit or services' with Wells Fargo." *Id.* at 5. The court held that the "plain allegation that 'the accounts do not belong to' Plaintiff is insufficient to state claim for inaccurate reporting." *Id.* at 6 (citing *Iyigun v. Cavalry Portfolio Servs, LLC*, No. CV–12–8682–MWF (JEMx), 2013 WL 950947, at *1 (C.D. Cal. Mar. 12, 2013)). Because "judicially noticeable facts show that Plaintiff's mortgage loan was transferred from Plaintiff's original lender, World Savings Bank, to its successor, Wells Fargo . . . . Plaintiff does not allege a plausible inaccuracy in Wells Fargo's reporting as required to state a claim for a violation of Section 1681s-2(b)." *Id.*

Instead of realleging his Section 1681s-2(b) claim, Plaintiff brings claims for violation of different provisions of FCRA.

**1. 15 U.S.C. § 1681b**

Plaintiff alleges that Wells Fargo obtained Plaintiff's credit report and made an inquiry on this report. FAC at ¶¶ 73-74. According to Plaintiff, this violated 15 U.S.C. § 1681b, which defines specific circumstances under which a consumer reporting agency may furnish a consumer report.

The problem with this claim is the same problem with the FCRA claim in the original Complaint: Plaintiff fails to identify specifically what Wells Fargo has done. Plaintiff offers mostly conclusory allegations, e.g., that Wells Fargo "obtain[ed] credit information without a 'permissible purpose," and "obtained Plaintiff's personal credit file, made inquiries and negative entries on his credit report without permission and without a permissible purpose." *Id.* at ¶ 74. Plaintiff also alleges that "Defendant obtained the credit report by misrepresenting to the credit bureaus that they had a right to run Plaintiff's credit" even though Wells Fargo is "an unknown person." FAC at ¶ 73, 75.

At the hearing, Plaintiff repeatedly confirmed that the premise of this claim, and of all of his claims, is his enduring (but specious) belief that Wells Fargo has not proven that it owns Plaintiff's debt, and therefore did not have a permissible purpose to obtain Plaintiff's credit report. As the court ruled in the previous order, that argument is foreclosed by judicially noticeable facts showing that the debt belongs to Wells Fargo. Plaintiff also confirmed at the hearing that he has no other theories for his claims besides the above. Thus permitting Plaintiff to amend this claim would be futile. Plaintiff's FCRA claim under Section 1681b is therefore **dismissed without leave to amend**.

**2. 15 U.S.C. § 1681q**

Plaintiff also alleges that Wells Fargo violated 15 U.S.C. § 1681q. Section 1681q provides for criminal liability for any person who "knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." *See also Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978) (finding that Section 1681q may also form the basis of civil liability). The "standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1681b." *Id.* "This is because a consumer reporting agency can legally issue a report only for the purposes listed in s 1681b. If the agency is complying with the statute, then a user cannot utilize an account with a consumer reporting agency to obtain consumer information for a purpose not permitted by s 1681b without using a false pretense." *Id.*

This claim fails for the same reasons that Plaintiff's Section 1681b claim fails. The allegations are equally conclusory. *See* FAC at ¶ 75 ("As a result of Defendant's knowingly and willfully [sic] request and receipt of information on the Plaintiff from consumer reporting agencies under false pretenses, Defendant . . . is liable to Plaintiff under FCRA."). Plaintiff clarified at the hearing that his only argument is that the "false pretenses" were that Wells Fargo represented that it owned Plaintiff's debt when Plaintiff believes that Wells Fargo does not. Because that argument is plainly deficient, and Plaintiff has no other theories for violation of Section 1681q, the claim is **dismissed without leave to amend**.

**C. Intentional Infliction of Emotional Distress**

"To recover for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." *McDaniel v. Gile*, 230 Cal. App. 3d 363, 372 (1991). Courts have emphasized that extreme and outrageous conduct is conduct that "go[es] beyond all possible [bounds] of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Mintz v. Blue Cross of Cal.*, 172 Cal.App.4th 1594, 1608 (2009) (internal quotation marks omitted).

Plaintiff's allegations here are minimal and conclusory. Plaintiff alleges that "Defendant's acts and/or omissions were done intentionally and/or with gross indifference to Plaintiff's rights. Plaintiff's emotional distress includes, but is not limited to extreme humiliation, anxiety, and loss of sleep. As a result of Defendant's conduct, Plaintiff has suffered compensatory, general, and special damages in an amount according to proof." FAC at ¶¶ 92-93. The "outrageous conduct" forming the basis of this claim is that Wells Fargo "attempt[ed] to take Plaintiff's property through foreclosure when they [sic] have no legal right to do so." FAC at ¶ 93.

The problems with this claim are manifold. First, the FAC alleges no details about any attempted foreclosure by Wells Fargo; it is only through judicially noticeable documents that the story of the April 11, 2012 recordation of the Notice of Default and Election to Sell Under the Deed of Trust emerges. Second, Plaintiff confirmed at the hearing that his theory for this claim is that Wells Fargo had "no legal right" to foreclose because it was allegedly not the owner of Plaintiff's mortgage loan. Again, that argument fails for the reasons stated above. As such, Plaintiff's intentional infliction of emotional distress claim is **dismissed without leave to amend**.

**D. Rosenthal Act**

Plaintiff alleges that Wells Fargo violated the RFDCPA by (1) "attempt[ing] to collect a debt that was not owed"; (2) "demand[ing] payment for an invalid debt"; (3) "communicating and disclosing to credit bureaus Plaintiff's information without Plaintiff's consent, and having the credit

bureau[s] issue negative marks against the Plaintiff"; and (4) "trying to pass [itself] off as [a] creditor[]" when Wells Fargo is actually a debt collector." FAC at ¶ 84.

Wells Fargo argues that it is not a "debt collector" under the RFDCPA. The RFDCPA "prohibit[s] debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1. The RFDCPA defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code§ 1788.2(c). "As a number of courts have recognized, the definition of 'debt collector' is broader under the Rosenthal Act than it is under the FDCPA, as the latter excludes creditors collecting on their own debts." *Reyes v. Wells Fargo Bank*, N.A., C-10-01667 JCS, 2011 WL 30759 at *19 (N.D. Cal. Jan. 3, 2011) (summarizing cases). "Thus, a mortgage servicer may be a 'debt collector' under the Rosenthal Act even if it is the original lender, whereas, such an entity would be excluded from the definition of debt collector under the federal act." *Id.*

Regardless of whether Wells Fargo is a "debt collector" under the RFDCPA, the FAC still fails to state a claim because the vague allegations of Wells Fargo's conduct are insufficient for the court to determine whether Wells Fargo is liable for any violations of the RFDCPA. The conduct which Plaintiff alleges constitutes violations of the RFDCPA are simply rephrasings of Plaintiff's fundamental premise that Wells Fargo does not own the alleged debt. Plaintiff confirmed as much at the hearing. That premise is faulty. The RFDCPA claim is therefore **dismissed without leave to amend**.

**E. CCRAA**

California Civil Code § 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Plaintiff alleges that Wells Fargo violated this provision of the CCRAA. Yet the FAC contains *no* factual allegations in support of this claim. Instead, Plaintiff simply recites the statutory language of Section 1785.25(a)-(c) and (f). The claim is thus patently insufficient, as it is devoid of facts regarding Wells Fargo's conduct, including what information it furnished, to whom, when, and how it was inaccurate.

Furthermore, at the hearing, Plaintiff confirmed that the only basis of his CCRAA claim is that Wells Fargo inaccurately reported to a credit reporting agency that it owned Plaintiff's loan. That argument is foreclosed for the reasons stated above. Accordingly, Plaintiff's CCRAA claim is therefore **dismissed without leave to amend.**

**F. Quiet Title**

Plaintiff alleges a quiet title cause of action.[6] "The purpose of a quiet title action 'is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.'" *Martinez v. America's Wholesale Lender*, No. 09-cv-5630 WHA, 2010 WL 934617 at *5 (N.D. Cal. Mar. 15, 2010) (quoting *Peterson v. Gibbs*, 147 Cal. 1, 5 (1905)), *rev'd in part on other grounds*, 446 Fed. Appx. 940.

To bring a claim to quiet title, plaintiffs must show they "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Kelley v. Mortgage Elec. Registration Sys.*, 642 F.Supp.2d 1048, 1057 (N.D.Cal. 2009). "[I]t is well-settled in California that 'a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.'" *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934)).

Plaintiff's allegations contradict his assertion that his is the rightful owner of the Property. Plaintiff "does not dispute that he has failed to make payments on his mortgages since November 2010." FAC at ¶ 95. The fact that Plaintiff's mortgage loan has been in default for nearly four years dooms his quiet title claim. *See Tamburri v. Suntrust Mortgage, Inc.*, No. 11-cv-2899 EMC, 2011 WL 6294472 at *15 (N.D. Cal. Dec. 15, 2011) ("The problem with Plaintiff's [quiet title] argument is that, even if the proper party did not initiate foreclosure, Plaintiff does not allege that she is the rightful owner as she admits that she is in default."). At the hearing, Plaintiff confirmed that he is unable to pay off his debt. No amendment can cure this fundamental defect. Thus Plaintiff's quiet title claim is **dismissed without leave to amend.**

---

[6] The FAC styles this claim as one for "Declaratory Judgment/Quiet Title."

United States District Court
For the Northern District of California

**G. Wrongful Foreclosure**

Courts have power to vacate a foreclosure sale where there has been "fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." *Lona*, 202 Cal. App. 4th at 104. The elements of a wrongful foreclosure claim are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Id.*

Plaintiff's wrongful foreclosure claim alleges that Wells Fargo "does not have standing to enforce the Note because [it] is not the owner of the Note, [it] is not a holder of the Note, and [it] is not a beneficiary under the Note" and it "does not own the loan and cannot identify the 'true owner' of the loan." FAC at ¶¶ 111-114.

The primary reason the wrongful foreclosure claim must be dismissed is that the only "wrongful" aspect of the foreclosure that Plaintiff alleges is that Wells Fargo did not own the loan when it initiated foreclosure. As discussed above, this argument is specious. A second reason for dismissal is that Plaintiff has not alleged that a foreclosure sale has occurred, which is a prerequisite for a wrongful foreclosure claim. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) ("A lender or foreclosure trustee may only be liable to the mortgagor or trustor for wrongful foreclosure if the property was fraudulently or illegally sold under a power of sale contained in a mortgage or deed of trust. Here, there is no dispute that a foreclosure sale did not take place. Accordingly, the Court finds that [the wrongful foreclosure] cause of action is premature.") (citing *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970)). *But see Nguyen v. JP Morgan Chase Bank N.A.*, No. 12-CV-04183, 2013 WL 2146606 at *4 (N.D. Cal. May 15, 2013) ("If the foreclosure is indeed wrongful, it seems artificial and counter to the rules of equity to require Plaintiffs to wait for the inevitable to take place—the sale of their property—before bringing suit . . . As the complaint prays for an injunction based on allegedly wrongful foreclosure, the court finds it

appropriate to examine the merits of the wrongful foreclosure claim, even though no sale has yet taken place.").

Plaintiff's wrongful disclosure claim is **dismissed without leave to amend**.

**H. Injunctive Relief**

Plaintiff seeks injunctive relief to enjoin Wells Fargo's "threatened conduct." FAC at ¶¶ 104-109. This claim fails at the outset because "declaratory and injunctive relief are not causes of action; rather, they are remedies." *Rosenfeld*, 732 F. Supp. 2d at 975 (dismissing declaratory judgment and injunctive relief causes of action but permitting plaintiff to replead those remedies in the prayer for relief section because plaintiff might be able to "recover on these theories if he is able to show the existence of the elements necessary to plead his remaining claims that would entitle him to such relief"). *See also Hayes v. Wells Fargo Bank, N.A.*, No. 13-CV-0420 KAW, 2013 WL 4117050 at *7 (N.D. Cal. Aug. 12, 2013) (dismissing declaratory judgment and injunctive relief causes of action because "[t]hese are not independent causes of action, but remedies"); *Benefield v. Bryco Funding, Inc.*, No. 14-cv-1459 PJH, 2014 WL 2604363 at *7 (N.D. Cal. June 10, 2014) (dismissing injunctive relief claim with prejudice because "injunctive relief is a remedy, not an independent cause of action"). In addition, even when considered as a remedy rather than a cause of action, Plaintiff's request for injunctive relief is insufficiently stated; Plaintiff does not specify what the "threatened conduct" he seeks to enjoin is, i.e., whether the conduct relates to the alleged debt collection letters, Plaintiff's consumer credit reports, or Wells Fargo's attempt to foreclose on the property.

Plaintiff's claim for injunctive relief is therefore **dismissed without leave to amend.**

//

//

//

//

//

//

United States District Court
For the Northern District of California

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss is **granted**. Because Plaintiff affirmed several times at the hearing that the only basis for this lawsuit is his belief that Wells Fargo does not own his debt, and that belief is belied by judicially noticeable facts, amendment would be futile. Accordingly, the FAC is dismissed **without leave to amend.** The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: September 26, 2014




DONNA M. RYU
United States Magistrate Judge